IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WAYNE MOOD, *individually and o/b/o a class of similarly situated persons*,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CCC GROUP, INC.,<br><br>　　　　　　　Defendant. | No. 2:24-cv-07084-DCN-MGB<br><br>**ORDER** |

　　　　This matter is before the court on plaintiffs Wayne Mood and other similarly situated persons' ("plaintiffs") motion for reconsideration, ECF No. 18. For the reasons set forth below, the court denies the motion for reconsideration.

## I.   BACKGROUND

　　　　Plaintiffs in this case asserted, inter alia, employment discrimination claims against their former employer, defendant CCC Group, Inc. ("defendant"). See ECF No. 1, Compl.  Pre-trial matters in this case were referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.01(B)(2)(g).  Defendant moved to dismiss the case based upon lack of personal jurisdiction and/or improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively.  The Magistrate Judge's Report and Recommendation ("R&R") recommended the case be dismissed in full on either ground.  ECF No. 12.  Plaintiffs filed objections to the R&R, ECF No. 13, and the court conducted a de novo review of the R&R pursuant to 28 U.S.C. § 636(b)(1), ECF No. 16, and dismissed the case as recommended by the Magistrate Judge, ECF No. 17. In doing so, the court determined that the R&R accurately summarized this case and the

1

applicable law. ECF No. 16 at 2. The court thus incorporated the R&R into its order of dismissal.[1] Id. On October 8, 2025, plaintiffs filed a motion to reconsider the court's order of dismissal pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 18, to which defendant responded in opposition on October 22, 2025, ECF No. 19. Plaintiffs filed a reply on October 29, 2025. ECF No. 21. As such, this matter is fully briefed and ripe for review.

## II.  STANDARD

The Fourth Circuit has recognized that Federal Rule of Civil Procedure 59(e) permits the district court to alter or amend a previous judgment in certain, limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.' " Id. (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1993)). But, a Rule 59(e) motion may not be used to raise arguments which could have been raised prior to the issuance of judgment, nor to argue a case under a novel legal theory the opposing party never had the opportunity to address in the first instance. Pac. Ins. Co., 148 F.3d at 403. Similarly, a party cannot use Rule 59(e) to "relitigate old matters[.]" Id. (quoting Charles A. Wright & Aurthur R. Miller, Federal Practice and Procedure, § 2810.1 (3d ed. Sept. 2025 update)). Amendment of a previous judgment is

---

[1] The court once again incorporates the R&R, ECF No. 12, into this order. However, the court fully addresses plaintiffs' motion to reconsider within the specific context of Federal Rule of Civil Procedure 59(e).

an "extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Wright & Miller, supra, § 2810.1).

### III. DISCUSSION

Plaintiffs argue that "South Carolina is not the wrong venue as Plaintiffs previously asserted and emphasized [that] the unlawful employment practices were incepted in this forum electronically, via emails and attachments, as well as having ended here via the same methods." ECF No. 18 at 3. Plaintiffs' motion does not present new evidence nor does it argue there has been an intervening change in the law. See id. at 2–4. Thus, plaintiffs must demonstrate that the R&R, as incorporated into the court's order of dismissal, constituted "a clear error of law." See Pac. Ins. Co., 148 F.3d at 403. Plaintiffs have failed to make such a showing.

Title VII's venue provision establishes the appropriate for venue for all causes of action accruing under Title VII:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, <u>in the judicial district in which the employment records relevant to such practice are maintained and administered</u>, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000(e)-5(f)(3) (emphasis added). Plaintiffs appear to argue that, because they received "digital papers that consisted of job offers and terms" as well as "work instructions" via email while allegedly in South Carolina, ECF No. 18 at 3, those digitally received documents are "employment records relevant to . . . [defendant's alleged discriminatory] practice" and are "maintained and administered" in South Carolina as contemplated under Title VII's venue provision, 42 U.S.C. § 2000(e)-5(f)(3). Thus, in

3

plaintiffs' view, receipt of these documents via email while in South Carolina makes South Carolina a proper venue under section 2000(e)-5(f)(3). See ECF No. 18 at 3.

Title VII's venue provision, however, contemplates that venue is proper where a defendant "maintains and administers" its employment records—not where a plaintiff receives or stores such records. See Demery v. McHugh, 959 F. Supp. 2d 5, 8 (D.D.C. 2013) (finding that employment records were "maintained and administered" in the state where defendant "kept" the records); Weston v. United States Dep't of Def., 2023 WL 10669677, at *2 (D.D.C. June 29, 2023) (same); Lengacher v. Reno, 75 F. Supp. 2d 515, 518 (E.D. Va. 1999) (finding that "employment records are maintained" at defendant's offices); McConnell v. RMD Holdings LTD., 2019 WL 13267087, at *4, *6 (D.S.C. Feb. 19, 2019) (noting that venue would be proper in district where defendant's "relevant employment records are maintained."). Because case law does not support plaintiffs' novel theory of venue under Title VII, plaintiffs have not shown that that the R&R's conclusion on this point—as expressly incorporated into the court's order of dismissal— was a "clear error of law." See ECF No. 12 at 13; ECF No. 16 at 2; Pac. Ins. Co., 148 F.3d at 403. Indeed, plaintiffs were unable to cite a single authority to support their theory of Title VII's venue provision in their motion for reconsideration. See ECF No. 18.

Plaintiffs do argue, again without any supporting authority, that "when comparing and contrasting [the District of South Carolina] with the only other plausible forum other than Defendants [sic] domicile of Texas, that being Kentucky, such papers were (and still are) held [in the District of South Carolina]." Id. at 3. The court finds plaintiffs'

4

"comparing and contrasting" theory of Title VII's venue provision to be unsupported and unavailing.

The R&R also recommended dismissal, as opposed to transfer, as the appropriate remedy in this case because plaintiffs did not renew their request for transfer to the Western District of Kentucky initially made in their Complaint. ECF No. 12 at 14 n.6. Plaintiffs instead argued in response to defendant's motion to dismiss that they would in fact "be prejudiced by having this case transferred to Kentucky." ECF No. 10 at 10. Plaintiffs' motion for reconsideration now seeks to resurrect the request for transfer initially made in their Complaint. ECF No. 18 at 4. When a plaintiff initiates suit in an improper venue, the district court "shall dismiss" the case unless transfer "is in the interest of justice." 28 U.S.C. § 1406(a). Because plaintiffs took the position that transfer would be prejudicial when opposing defendant's motion to dismiss—and only seek to change this position on a motion for reconsideration—the court finds that transfer is not in the interest of justice. See Pac. Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used[] . . . to raise arguments which could have been raised prior to the issuance of judgment[.]")

As a concluding note, the court addresses plaintiffs' observation that the court's order granting defendant's motion to dismiss "does not specify any supporting facts or analysis." Id. at 2. To the contrary, the court incorporated the R&R into its order and did so because the Magistrate Judge "accurately summarize[d] this case and the applicable law[,]" rendering any additional analysis unnecessary. ECF No. 16 at 2,

## IV.  CONCLUSION

For the foregoing reasons the court **DENIES** plaintiffs' motion for reconsideration.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**November 24, 2025
Charleston, South Carolina**